UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WRE-HOL, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PHAROS SCIENCE & APPLICATIONS, INC., et al.,<br><br>　　　　　　Defendants. | Case No. C09-1642 MJP<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT ORDER AND TO PERMIT DEFENDANT PHAROS SCIENCE & APPLICATIONS, INC. TO FILE ITS PROPOSED ANSWER TO THE COMPLAINT AND COUNTERCLAIM** |

This matter comes before the Court on Defendant Pharos Science & Applications, Inc.'s ("Pharos") Motion to Set Aside the Default Order and to Permit it to File its Proposed Answer and Counterclaim. (Dkt. No. 28.) Having considered the motion, the response (Dkt. No. 32), the reply (Dkt. No. 34), and all papers submitted in support thereof, the Court GRANTS the motion and ACCEPTS the answer and counterclaim as filed. Plaintiff's pending motion for default judgment (Dkt. No. 19) is MOOT.

**Background**

Plaintiff WRE-Hol, LLC filed a complaint for patent infringement against Pharos on November 17, 2009. (Dkt. No. 1.) The complaint names two other defendants, one of which has appeared and answered the complaint. (Dkt. No. 31.) WRE-Hol served Pharos on November

ORDER - 1

28, 2009. (Dkt. No. 13.) In December, 2009, WRE-Hol and Pharos began discussions regarding the present case. Both parties agree that the possibility of an extension was discussed.

On December 9, 2009 Pharos sent a letter to WRE-Hol stating:

> . . . this will confirm that we discussed that you would grant me an extension of time to answer or otherwise respond to the Complaint. You indicated that you needed permission from your client so I would request that you discuss this with your client today and provide me with written confirmation that I will be granted an extension.

(Du Wors Decl. Ex. A at 3.) There is no indication from the record that WRE-Hol ever confirmed or denied this request for confirmation. The parties disagree on the details of what happened next.

WRE-Hol asserts there was an agreement between it and Pharos to meet in person between December 15 and December 17, 2009 in Los Angeles. (Du Wors Decl. ¶¶ 11-13, 16-21.) Pharos asserts there were discussions about the possibility of meeting on those dates, but that it was unavailable and no meeting was set. (Rozsa Decl. ¶ 11.) The parties agree that no meeting occurred. The parties spoke on December 14, 2009 about the potential meeting, but after that date Pharos did not communicate with WRE-Hol again until January 4, 2010. (Rozsa Decl. ¶ 12.) Between December 15 and 17, 2009, WRE-Hol tried unsuccessfully on several occasions to contact Pharos. (Du Wors Decl. ¶¶ 17-20.) Upon return from Los Angeles, WRE-Hol filed for entry of default, which the Court entered on December 23, 2009. (Id. ¶¶ 21-22.) On January 4, 2010, Pharos contacted WRE-Hol by email, at which time Pharos was informed the default had been entered. (Id. ¶ 24.) On January 14, 2010, Pharos filed the instant motion to set aside the entry of default.

**Analysis**

A. <u>Setting Aside Default</u>

A defendant seeking to set aside an order of default must show good cause. Fed. R. Civ. P. 55. To succeed, the defendant must satisfy three elements: (1) whether the defendant's culpable conduct led to the default; (2) whether reopening the default would prejudice the plaintiff; and (3) whether the defendant has a meritorious defense. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). When possible, courts should attempt to resolve suits on the merits. Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). The decision to set aside default rests squarely within the discretion of the trial court. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986).

Defendant Pharos has favorably supported each of the requisite three elements.

1. <u>Culpable conduct</u>

A defendant's conduct is not culpable merely because the party fails to appear. The Court considers first whether the defendant received actual or constructive notice of the filing for this action. Pena, 770 F.2d at 815. If a party receives notice and fails to appear, it is not necessarily engaging in culpable conduct. The failure to answer after receiving notice must be more than intentional to rise to the level of culpability. TCI Group, 244 F.3d at 696-97. This must be something akin to "'willful, deliberate or evidence of bad faith.'" Id. (quoting Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 61 (2nd Cir. 1996)). The Ninth Circuit has held conduct is not culpable when a defendant's failure to answer in no way amounts to an attempt to gain strategic advantage in the litigation. See Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000) (considering relief under Rule 60(b)(1)).

There is no evidence of Pharos' willfulness or bad faith, but rather the legitimate possibility of misunderstanding between the parties. Pharos assumed WRE-Hol's failure to confirm the extension signaled acquiescence to the request. WRE-Hol assumed the lack of response communicated a denial of the extension. Either interpretation is possible. Counsel for both parties are faulted for failing to communicate expectations clearly and reach agreement as to basic issues such as this extension. Regardless, Pharos's failure to appear was not an effort to

gain strategic advantage and does not amount to bad faith. See Bateman, 231 F.3d at 1225 (noting that even where an attorney "showed a lack of regard for his client's interests and the court docket" there still was no evidence of bad faith). The record does not support a finding that Pharos engaged in culpable conduct.

### 2. Prejudice to WRE-Hol

The second factor is whether vacating the default will prejudice Plaintiff. Prejudice has to "result in greater harm than simply delaying the resolution of the case." TCI Group, 244 F.3d at 701. "The standard is whether [Plaintiff's] ability to pursue [its] claim will be hindered." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

WRE-Hol has not asserted any loss of evidence or any inability to go forward on their claims due to the delay. It simply claims prejudice. However, asserting that prejudice exists is not a sufficient showing. TCI Group, 244 F.3d at 701. WRE-Hol also asserts that the delay was unreasonable. But the delay can hardly be characterized as unreasonable given that: (a) Pharos responded to the default entry within ten days of WRE-Hol's email indicating default had been entered (First Rosza Decl. Ex. 3 at 21); (b) the total time between entry of the default order and the filing of the motion to set aside default was less than one month (Dkt. Nos. 18, 28); and (c) other defendants to the same suit were granted an extension and did not file an answer and counterclaim until January 25, 2010 (Dkt. No. 34 at 4). WRE-Hol has not demonstrated any harm greater than a short delay in the proceedings. Vacating the default entry does not prejudice WRE-Hol.

### 3. Meritorious defense

The burden on Pharos to demonstrate a meritorious defense is not a heavy one. TCI Group, 244 F.3d at 700. Pharos must supply a minimum of specific facts that would constitute a defense. Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969) (upholding district court's decision not to set aside a default judgment when defendant only supplied an "answer consist[ing] of a mere general denial without facts to support it"). "Factual allegations, if otherwise sufficient, are not

ORDER - 4

objectionable because of the means by which they become part of the moving papers." In re Stone, 588 F.2d 1316, 1319 (10th Cir. 1978). "The allegations may be satisfactorily presented in the written motion itself, in an appended proposed answer, or in attached affidavits." Id. at 1319-20; see also TCI Group, 244 F.3d at 700 (supporting facts for a meritorious defense found in the interpleader and cross-claim pleadings).

Pharos relies on its proposed answer and counterclaim as evidence of "numerous meritorious defenses." (Dkt. No. 28.) Pharos provides specific facts for supporting its affirmative defenses in these documents. (Dkt. No. 28, Exs. 2, 3.) For example, Pharos provides dates, times and locations in support of the defense that the patent at issue is invalid, as well as exhibits supporting these factual claims. (Id.) Pharos has presented facts sufficient to find that a potentially meritorious defense exists.

Having met all three elements to set aside entry of default, Pharos is entitled to relief. The Court GRANTS Pharos's motion, sets aside default, and accepts as filed Pharos's answer and counterclaim.

The Court is disappointed by the behavior evidenced by counsel for WRE-Hol and Pharos. The failure to return phone calls or emails is improper and unprofessional. Even if counsel must obtain approval from the client as to certain issues, it is inexcusable for counsel not to convey that fact in response to a phone call or email message. The Court also warns counsel against simply ignoring deadlines on the basis of a presumed agreement. (See Dkt. No. 35 at 3-4.) Future disputes caused by counsels' inability to communicate may warrant sanctions or other discipline from the Court.

4. Notice to Pharos Prior to Entry of Default

Pharos further argues that entry of default was erroneous because it was entitled to notice under Rule 55(b). This argument has no merit. Entry of default was made pursuant to Rule 55(a), which has no notice requirement. Pharos's reliance on Rule 55(b) to attach the entry of

default is therefore erroneous. Default judgment has not been entered. Pharos was not entitled to notice prior to the entry of the default order.

## Conclusion

Pharos's Motion to Set Aside the Default Entry is GRANTED. Pharos has met its burden demonstrating good cause sufficient to set aside default. The Court accepts Pharos's answer and counterclaim as filed. WRE-Hol's pending motion for default judgment (Dkt. No. 19) is MOOT.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED this 4th day of March, 2010.

Marsha J. Pechman
United States District Judge