UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WRE-HOL, LLC,

                Plaintiff,

      v.

PHAROS SCIENCE & APPLICATIONS, et al.,

                Defendant.

Case No. C09-1642 MJP

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND DEFENDANT'S MOTION TO STAY**

This matter comes before the Court on Plaintiff's motion to amend its complaint and Defendant TeleNav's motion to stay in which Defendants Telmap, Ltd. and Telmap Inc. join. (Dkt. Nos. 64, 66, 78.) Having considered the motions, the responses (Dkt. Nos. 80, 86), the replies (Dkt. Nos. 83, 89), and all papers submitted in support of the motions, the Court GRANTS both motions. The Court finds both motions suitable for decision without oral argument.

**Background**

Plaintiff filed a patent infringement complaint against Pharos Science & Applications, Inc., TeleNav Inc., and Telemap, Ltd. on November 17, 2009. (Dkt. No. 1.) On March 11, 2010, Plaintiff amended its complaint, adding Defendant Telmap Inc. (Dkt. No. 47.) On April 29, 2010, Defendant TeleNav filed a motion to stay pending inter partes examination. (Dkt. No.

64.) On May 3, 2010, Plaintiff filed a motion to amend its complaint to add a breach of contract and trade secret misappropriation claim. (Dkt. No. 66.) Defendants Telmap, Ltd and Telmap Inc. filed a memorandum in support of Defendant TeleNav's motion on May 17, 2010. (Dkt. No. 78.)

**Analysis**

A.   Motion to Amend

Plaintiff seeks to amend its complaint and add two claims. Only Defendant TeleNav opposes the request.

Rule 15 provides the Court with broad discretion to grant leave to amend "when justice so requires." The Court considers four factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Plaintiff's request to file an amended complaint suffers from no defects when considering the four factors listed above. Plaintiff sought leave within a reasonable time and there are no obvious issues of futility barring amendment. Defendant does not argue that there has been undue delay or that it will suffer prejudice. Defendant TeleNav instead argues that the amendment would be futile because Plaintiffs' two claims are barred by the statute of limitations. (Dkt. No. 80 at 10-12.) Nothing on the face of the proposed claims indicates that the claims are time-barred. Defendant also argues that the proposed amended complaint does not satisfy Rule 8(a). This is an attempt to convert improperly the opposition into a Rule 12(b)(6) motion. The pleadings do not appear defective on their face. Lastly, Defendant argues that the proposed amendment is merely part of a bad faith ploy to avoid the stay Defendants seeks. There is some truth to this assertion. Plaintiff filed the motion to amend only after Defendant filed its motion to dismiss. Plaintiff has also maintained that it thought that its motion to amend might help influence whether the Court granted or denied the motion to stay. However, this does not amount to bad faith.

All four factors weigh in favor of amendment. The Court GRANTS Plaintiff's motion and accepts as filed Plaintiff's proposed second amended complaint. (Dkt. No. 66-2.)

B.      Motion to Stay

Defendants TeleNav, Telmap, Ltd., and Telmap Inc. seek an order staying the entire proceedings of this case pending reexamination of U.S. Patent No. 7,149,625.

The court has the authority to decide whether to order a stay pending the outcome of a reexamination proceeding. Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). To determine whether to grant a stay pending reexamination by the U.S. Patent and Trademark Office, courts generally consider three factors: "(1) whether a stay will simplify the issues in question and the trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party." Implicit Networks, Inc. v. Advanced Micro Devices, Inc., No. 08-184JLR, 2009 WL 357902, at *2 (W.D. Wash. Feb. 9, 2009.)

The Court is persuaded that a stay pending reexamination is proper. First, reexamination is likely to simplify the issues before the Court. Second, the proceedings before the Court are in their early stages. Discovery has commenced, but is not set to conclude until May 23, 2011. (Dkt. No. 82.) A Markman hearing is not set until March 4, 2011. (Id.) The Court is not persuaded by Plaintiff that this case is "mature." (Dkt. No. 86 at 10.) Third, there is little evidence of a tactical disadvantage or prejudice that will arise from the stay. Plaintiff argues that it will be prejudiced because it will have to defend the same invalidity arguments twice and that evidence will become stale. (Dkt. No. 86 at 9.) Plaintiff also argues that because only TeleNav will be bound by the PTO's order, the overall economy of the Court will not be served. (Id. at 8-9.) The Court is not convinced that these potential burdens or limitations outweigh the benefit of the PTO's expertise in reexamination of the patent, which is likely to simplify the litigation and save substantial resources.

The Court GRANTS the motion to stay.

**Conclusion**

The Court GRANTS Plaintiff's motion to amend and accepts as filed its proposed second amended complaint. (Dkt. No. 66-2.) The Court GRANTS Defendant TeleNav's motion to stay and STAYS all proceedings in this case pending the outcome of reexamination of the '625 Patent. All pending motions are stayed. The parties shall submit a status update on the reexamination within 90 days of this order.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated this 23rd day of July, 2010.

Marsha J. Pechman
United States District Judge